IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jim Frady, #317328,                          )
                                             )
                    Petitioner,              )
                                             )        Civil Action No. 2:21-4084-BHH
v.                                           )
                                             )                **ORDER**
Warden, Perry Correctional                   )
Institution,                                 )
                                             )
                    Respondent.              )
_____)

     This matter is before the Court on Petitioner Jim Frady's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

     On August 22, 2022, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy. The Court initially did not receive objections from Petitioner, and on September 13, 2022, the Court entered an order adopting the Magistrate Judge's Report. (ECF No. 26.) However, on September 28, 2022, the Court received a letter from Petitioner indicating that he had not received a copy of the Magistrate Judge's Report due to illness. (ECF No. 29.) Accordingly, on October 17, 2022, the Court entered a text order vacating its prior order adopting the Report, and the Court granted Petitioner until November 7, 2022, to file objections. (ECF No. 32.) Petitioner's objections were filed on

October 31, 2022, and the matter is ripe for review.  (ECF No. 36.)

## BACKGROUND

The Oconee County Grand Jury indicted Petitioner in December of 2004 for arson in the second degree, grand larceny, two counts of murder, possession of a weapon during the commission of a violent crime, and burglary in the first degree.  (ECF No. 15-4 at 215-26.)  After a trial at which Petitioner was represented by attorneys Donald Leverette Allen and C. Elizabeth Waldrep ("trial counsel"), a jury found Petitioner guilty on all counts.  (ECF No. 15-3 at 169-70.)  The Honorable Perry M. Buckner sentenced Petitioner to two life sentences for the murder convictions; 25 years' imprisonment for arson in the second degree; five years' imprisonment for grand larceny; five years' imprisonment for possession of a weapon; and 30 years' imprisonment for burglary in the first degree, all to run concurrently.  (*Id.* at 174-75.)

Petitioner filed a timely appeal and was represented by Chief Appellate Defender Joseph L. Savitz III, who filed an *Anders* brief on Petitioner's behalf, asserting that the "trial judge committed reversible error by precluding the defense from introducing evidence of and arguing third-party guilt, as his ruling violated both *Holmes v. South Carolina*, 547 U.S. 319 (2006), and *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941)."  (*Id.* at 177-85.)  The South Carolina Court of Appeals dismissed the appeal in an unpublished *per curiam* opinion filed on November 12, 2008.  (*Id.* at 186-87.)  The remittitur was issued on December 3, 2008.  (*Id.* at 188.)

On April 13, 2009, Petitioner filed an application for post-conviction relief ("PCR"), alleging he received ineffective assistance of counsel based on the following:

    1.    Defense counsel failed to conscientiously discharge his professional

responsibilities while handling Applicant's case.

2.      Defense counsel failed to effectively challenge the arrest and seizure of the Applicant.

3.      Defense counsel failed to act as Applicant's diligent, conscientious advocate.

4.      Defense counsel failed to properly prepare and investigate Applicant's case prior to the trial of the case.

5.      Defense counsel failed to do the necessary legal research to adequately argue a *Miranda* violation in the applicant's case.

6.      Defense counsel failed to pursue plea negotiations that may have proven advantageous to the applicant.

7.      Defense counsel failed to properly consult with the applicant or keep the applicant informed about the status of the case.

8.      Defense counsel failed to explain to the applicant or discuss with him any kind of defense strategy.

9.      Defense counsel failed to explain to Applicant or discuss with him any of the tactical choices that were available or that counsel was planning on using.

10.     Defense counsel, knowing that Applicant was uninformed in legal matters, dictated to the applicant exactly how the case was going to be handled, offered no alternative options, and convinced Applicant to relinquish his right to testify on his own behalf.

11.     Defense counsel failed to properly acquaint themselves with the law and facts surrounding Applicant's case, and as a direct result of their intentional negligence, there was a very serious error in their assessment of both the law and the facts.

12.     Defense counsel failed to put forward any argument at all of a minimum sentence at Applicant's sentencing.

13.     Defense counsel failed to adequately challenge a statement made by state's witness Harper on the basis that the statement was sheer speculation.  At trial, witness Harper testified that due to a defect in the door handles of his van, he, his son, and the applicant were the only people who knew how to open the doors and get inside.  The

3

statement left the jury with the clear impression that the applicant more likely than not stole the van, which was in turn connected to the murders.

14.    Defense counsel failed to challenge the admission of evidence in the case that had been withheld from the applicant in violation of Rule 5 and *Brady v. Maryland*.

15.    Defense counsel failed to adequately investigate and pursue fingerprint evidence that indicated someone other than the applicant stole the van and committed the murders.

16.    Defense counsel failed to challenge the admission of evidence at trial on the basis that the chain of custody had been broken, and that he had not been given an opportunity to examine the evidence.

17.    Defense counsel failed to adequately object and press for a better curative instruction from the judge when the solicitor argued during closing arguments that Applicant had threatened to kill the victims prior to the actual murders.

18.    Defense counsel failed to do the necessary legal research to adequately argue for a change of venue in Applicant's case.

19.    Defense counsel failed to do legal research necessary for him to adequately argue for the suppression of evidence, and withdrew a potentially meritorious Motion to Suppress.

20.    Defense counsel failed to call alibi witnesses that would have proven Applicant's innocence.

(ECF No. 15-3 at 194-96.) Additionally, Petitioner subsequently filed a motion to amend his PCR application to include a claim of prosecutorial misconduct.

On October 3, 2011, the Honorable J. Cordell Maddox held an evidentiary hearing where Petitioner was represented by Rodney W. Richey. The PCR court denied and dismissed the PCR application in an order filed January 19, 2012.

On appeal, Petitioner was represented by Appellate Defender Breen Stevens ("PCR appellate counsel"), who filed a motion to remand for record reconstruction. (ECF No. 15-3

at 255 through ECF No. 15-4 at 72.)  The South Carolina Supreme Court granted the motion and remanded the matter to the PCR court to reconstruct the missing portion of the record.  Judge Mattox attempted to reconstruct the record in a hearing held on February 25, 2013, but ultimately determined that the record could not be adequately reconstructed.

On May 16, 2013, PCR appellate counsel filed a petition for writ of certiorari raising the following questions:

I.    Whether Counsel's performance was constitutionally deficient for failing to properly research and argue a motion to suppress Petitioner's statement to law enforcement due to a violation of his *Miranda* rights?

II.   Whether the incomplete nature of the PCR transcript prevents the appellate court from conducting meaningful appellate review and causes fundamental unfairness to Petitioner by preventing him from properly challenging factual findings of the PCR court where, due to malfunctions in the court reporter's recording systems, the complete testimony of three of Petitioner's witnesses and half of a fourth witness was not recorded, where reconstruction of the record was not possible, and where South Carolina law requires such challenges to show that no evidence of probative value exists in the record to support the PCR court's findings?

(ECF No. 15-6 at 2.)  The South Carolina Supreme Court denied the petition as to the first question but granted it as to the second, vacating the PCR court's order and remanding for a new PCR hearing on the following six issues:

I.    Defense counsel failed to conscientiously discharge his professional responsibilities while handling petitioner's case.

II.   Defense counsel failed to effectively challenge the arrest and seizure of petitioner.

III.  Defense counsel failed to pursue plea negotiations that may have proven advantageous to petitioner.

IV.   Defense counsel failed to put forward any argument for a minimum sentence at petitioner's sentencing.

5

V.    Defense counsel failed to challenge the admission of evidence at trial on the basis that the chain of custody had been broken, and that he had not been given the opportunity to examine the evidence.

VI.    Defense counsel withdrew a potentially meritorious motion to suppress.

(ECF No. 15-4 at 78-80.)

The Honorable Jocelyn Newman held a second PCR evidentiary hearing on June 26, 2017, and Petitioner was represented by Robert Mills Ariail, Jr. ("PCR counsel"). Petitioner and his trial counsel both testified, and on September 20, 2018, the PCR court denied and dismissed the PCR application. (ECF No. 15-4 at 196-214.)

Petitioner timely appealed by way of a *Johnson* petition raising the following issue:

Whether the PCR Court erred in denying relief where trial counsel filed a pre-trial motion to change venue in a double murder case in a small community, where the matter had received significant press coverage such that the case had a fair amount of notoriety, and where trial counsel withdrew the motion?

(ECF No. 15-8 at 3.) Petitioner also filed a pro se brief raising additional claims. (ECF No. 15-9.) The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals, which denied certiorari and granted PCR appellate counsel's request to withdraw on November 2, 2021.

Petitioner filed the instant § 2254 petition in December of 2021, raising the following grounds for relief:

**Ground One:** The State court decision was contrary to or an unreasonable application of clearly established federal law of *Strickland v. Washington*, in the Petitioner's case. Trial counsel failed to object to the trial court's jury instruction, that the jury may infer the existence of malice, when the deed was done with a deadly weapon.

**Supporting Facts:** The trial court specifically failed to instruct the jury, that it could reject an inference of implied malice. There was evidence presented at trial that would reduce, mitigate, excuse or justify a homicide, cause from

6

the use of a deadly weapon, and furthermore, juries shall not be instructed or charged that malice may be inferred from the use of a deadly weapon. Therefore, Trial counsel's failure to object to the court's jury instruction was ineffective assistance of counsel, because the burden of proof was shifted from the State to the Petitioner.  The Petitioner was denied his 6th amendment right to effective counsel at trial, when counsel failed to object and then request to the trial court, that the jury may reject an inference of implied malice.  The trial court only issued a partial jury instruction on inferred malice, and did not tell the jury that they could reject an inference of implied malice.

**Ground Two:** The State court decision was contrary to or an unreasonable application of clearly established federal law of *Strickland v. Washington*, in the Petitioner's case.  Trial counsel failed to object to the State's introduction of unfair character evidence in violation of 404(A)(1), at trial.

**Supporting Facts:** The Petitioner did not testify in his own defense.  Trial counsel did not attempt to prevent the inclusion or introduction of the "LSD", under a pre-trial motion pursuant to *Jackson v. Denno*.  The State's witness Kevin Comer testifies about the drug "LSD" with the Petitioner, and potential traceable or untraceable effects on drug ingestion.  Kevin Comer's highly ambigous and purjured testimony was used in the State's closing argument as follows: "Because that's what he tells Kevin Comar.  Yeah, its one thing to sit there and say, you know what, my father, he's just frustrating me.  I'm just going to kill him. It's another to go, how much "LSD" do you rekon it takes before it becomes traceable.   I mean that's a whole other level of conversation.  Who's talking to Kevin Comer about how to kill them in an untraceable way.  Who's got that much meaness in their heart?  Trial counsel failed to object to Kevin Comer's testimony at trial. Kevin Comer's testimony was irrelevant and it was unjust prejudicial testimony that shifted the burden to the Petitioner.  There was no pysical evidence, no identification evidence nor any testimonial evidence to link the Petitioner to the crime scene or victims murder.  Furthermore, Kevin Comer's testimony had no connection with the criminal charges the Petitioner had to face at trial and violates Rule 404.

**Ground Three:** The State court decision was contrary to or an unreasonable application of clearly established federal law of *Strickland v. Washington*, in the Petitioner's case.  Trial counsel failed to object to the broken chain of custody evidence because the evidence obtained was a product of a illegal search under the 4th admendment and 14th amendment.

**Supporting Facts:** Trial counsel testified he felt the van was no way to keep it out completely.  Also, counsel testified he was able to cross-examine the

officers and argue to the jury the van was unreliable evidence because of the chain of custody and that, if anything, the van supported the Petitioner's third party guilt defense because the finger prints and palm print found in the van were not Petitioner's.  The PCR court erred in its order it stated: Since Officer Hunnicutt and its owner had located the van, he released it back to the owner that night, and no forensic processing or evidence collection was done (that night) of September 22, 2004.  Officer Hunnicut testified that they were unaware of being in connection to a murder.  The next day they returned and seized the van.  See PCR order Failure of Trial counsel to object to the unlawful introduction of evidence that was obtained through a broken chain of custody, was ineffective assistance of counsel and a violation of the Petitioner's 6th admendment right.  Once the van was returned to the owner without forensic processing the chain of custody was broken so the police needed to obtain a search warrant to lawfully search and seize the van.

**Ground Four:** The State court decision was contrary to or an unreasonable application of clearly established federal law of *Strickland v. Washington*, in the Petitioner's case.  Trial counsel filed a pre-trial motion to change venue in a double murder case in a small community.

**Supporting Facts:** The case had received significant press coverage and had a fair amount of notoriety.  Then Trial counsel withdrew the motion.  All jorors who was questioned stated they had knowledge of the case.  Therefore, each juror likely walked into the courthouse with preconceived notions and an understanding of the case.  Also, without the benefit of being heard on the record regarding the change of venue motion, the Petitioner was denied effective representation.  Trial counsel waived the pre-trial motion without a valid trial stategy, and therefore, Petitioner received deficient performance from his attorney.

**Ground Five:** The State court decision was contrary to or an unreasonable applicant of clearly established federal law in the Petitioner's case.

**Supporting Facts:** After Petitioner's "PCR", the judge dismissed the PCR on January 19, 2012.  A motion to Remand for Reconstruction was filed on July 12, 2012, due to a malfunction of the court reporter's equipment, the first fifty-five minutes of the PCR hearing were not recorded and could not be transcribed.  Therefore, the nine-page transcript of the PCR hearing contained none of the Petitioner's cases and only a portion of the State's case.  Next, Judge Maddox wrote the Supreme Court of South Carolina a letter on February 28, 2013, indicating that the record could not be constucted adequately.  The Supreme Court made an error of clearly established federal law by failing to remand for a PCR hearing to include all lost issues of either a new trial.  The Supreme court granted a PCR hearing

8

on 6 issues instead of all lost issues and this was unconstitutional. The Petitioner is entitled to a full and fair bite of the apple and has been denied this oppurtunity.

**Ground Six:** The State court decision was contrary to or an unreasonable application of clearly established federal law of *Strickland v. Washington*, in the Petitioner's case. Trial counsel withdrew a potential meritorius motion to suppress evidence.

**Supporting Facts:** The motion to suppress evidence was pursuant, to a warrantless search and seizure at Petitioner's residence located at 131 Yolanda Drive, Walhalla, S.C. The Petitioner testified that Trial counsel withdrew the motion without consulting Petitioner. Also, Petitioner testified he did not want the motion withdrawn because the shotgun, shells, and clothing were taken from Petitioner's house without a search warrant. Trial counsel failed to have a valid strategy for withdrawing the suppression motion and provided ineffective assistance of counsel in this matter.

(ECF No. 1-2 at 1-6 (copied verbatim but divided into grounds and supporting facts).)

Respondent filed a return and motion for summary judgment on April 14, 2022, and Petitioner filed a response in opposition. (ECF Nos. 15, 16, and 19.)

## STANDARDS OF REVIEW

### I.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See*

*Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

## I.    Habeas Corpus Relief

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Before a Petitioner can obtain relief under § 2254, he must first clear a series of procedural hurdles. For example, a state prisoner must exhaust his state court remedies by "present[ing] his claim to the state's highest court" before a federal court can grant relief on the merits of a claim.[1] *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v.*

---

[1] The exhaustion requirement exists to promote comity within our federal system. As the Supreme Court has explained:

Because "it would be unseemly in our dual system of government for a federal district court to upstate a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an

*Thompson*, 501 U.S. 722, 729-30 (1991).  Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition."  *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

## II.    The Magistrate Judge's Report

In her Report, the Magistrate Judge found that the instant petition was properly before the Court because it was timely and because Petitioner exhausted his state-court remedies.  Next, the Magistrate Judge outlined the facts summarized in the PCR court's 2018 order of dismissal.  (*See* ECF No. 24 at 12-13 (quoting ECF No. 15-4 at 198-99).) The Magistrate Judge then noted that most of Petitioner's grounds allege claims of ineffective assistance of counsel,[2] and she outlined the applicable law and reviewed each of Petitioner's grounds for relief.

As the Magistrate Judge properly explained, a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687-98.  The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance.  *Id.* at 689.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered

---

opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

[2] The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective.  U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

In reviewing Petitioner's first ground for relief–alleging that trial counsel was ineffective for failing to object to the trial court's jury instructions as to implied malice–the Magistrate Judge set forth the trial court's jury instructions and reviewed the PCR court's findings as to this claim. After reviewing the applicable law, the Magistrate Judge then found that the instruction did not amount to a mandatory presumption and thus was not contrary to *Sandstrom v. Montana*, 442 U.S. 510 (1979), *Yates v. Evatt*, 500 U.S. 391 (1991), and their progeny. The Magistrate Judge also explained that, although malice may no longer be inferred from the use of a deadly weapon under South Carolina law, at the time of Petitioner's trial, the implied malice instruction was still good law. Ultimately, therefore, the Magistrate Judge concluded that the PCR court appropriately applied *Strickland* and did not run afoul of federal law when it concluded that trial counsel was not ineffective as to this ground.

As to ground two–alleging that trial counsel was ineffective for failing to object to improper character evidence during trial–the Magistrate Judge outlined the relevant trial testimony, including the cross-examination of Comer, and the PCR court's findings. Ultimately, the Magistrate Judge found that Petitioner failed to demonstrate that the PCR court's conclusion was based on unreasonable factual findings or was the result of an

unreasonable application of Supreme Court precedent, and the Magistrate Judge further explained that the PCR court's factual findings are entitled to deference.  To the extent Petitioner asserts that trial counsel should have objected to Comer's testimony as improper character evidence under South Carolina Rule of Evidence 404–an issue not directly addressed at trial or by the PCR court–the Magistrate Judge also noted that such evidence may be admissible as evidence of motive or intent, and she found that Petitioner failed to otherwise demonstrate that trial counsel was ineffective in handling Comer's testimony.

Next, with respect to ground three–alleging that trial counsel was ineffective for failing to object to the introduction of evidence of the stolen van–the Magistrate Judge again outlined the relevant evidence and the PCR court's findings.  The Magistrate Judge found that the PCR court's factual findings are entitled to deference and that Petitioner failed to show that the PCR court's conclusion (that trial counsel articulated a reasonable trial strategy for dealing with this evidence) was based on unreasonable factual findings or an unreasonable application of federal law.  Additionally, the Magistrate Judge explained that there is no support for Petitioner's assertion that the van was collected by way of an illegal search, and regardless, the van belonged to someone else, not Petitioner.  *See Alderman v. United States*, 394 U.S. 165, 171-72 (1969) ("[S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence.").  In all, the Magistrate Judge found that the PCR court appropriately applied *Strickland* and found that Petitioner failed to show either deficiency or prejudice.

As to ground four, where Petitioner alleges that trial counsel was ineffective for

14

failing to follow through with a change-of-venue motion, the Magistrate Judge outlined the relevant portions of the record, including the PCR court's findings on the matter. The Magistrate Judge ultimately found that Petitioner failed to point to clear and convincing evidence to rebut the facts as found by the PCR court, and that Petitioner failed to show that the PCR court's determination of this issue was contrary to, or an unreasonable application of, the law as decided by the Supreme Court.

The Magistrate Judge next considered ground five, where Petitioner alleges that his rights were violated when the record of his first PCR hearing could not be adequately reconstructed and the South Carolina Supreme Court only remanded six issues and not all issues. The Magistrate Judge specifically considered Petitioner's assertion that his right to procedural due process was violated but found that such a claim of error in state PCR proceedings is not cognizable on federal habeas review, as a state prisoner has no constitutional right to post-conviction proceedings in state court.

Lastly, the Magistrate Judge considered ground six–asserting that trial counsel was ineffective for withdrawing a motion to suppress evidence that was seized from his home. First, the Magistrate Judge disagreed with Respondent that the Petitioner procedurally defaulted this issue and considered the merits of the claim. Next, the Magistrate Judge thoroughly outlined the underlying facts and the PCR court's findings, noting that this issue, like many of the other issues raised by Petitioner, relies on the PCR court's finding that trial counsel's testimony was credible. The Magistrate Judge again found that Petitioner failed to offer clear and convincing evidence to rebut the PCR court's credibility findings, and failed to otherwise show that the PCR court's findings were based on an unreasonable interpretation of the facts or reflected an unreasonable application of federal law as

15

determined by the Supreme Court.

In summary, the Magistrate Judge found that Respondent was entitled to summary judgment on all six grounds for relief raised by Petitioner, and the Magistrate Judge also recommended that the Court deny a certificate of appealability.

## III.    Petitioner's Objections

In his unsigned objections, Petitioner first takes issue with the legal standards applied by the Magistrate Judge on pages 9 through 13 of the Report. (*See* ECF No. 36 at 4.) For example, Petitioner asserts that "[f]ederal courts should adjudicate habeas corpus claims by first performing the court's traditional function of analyzing the merits of the federal constitutional claim and only then assessing whether 2254(d)(1)'s new defense to relief precludes the granting of habeas corpus relief in a case such as this one at bar in which the court has found a violation, with this overview in mind." (*Id.* at 5.) Petitioner also objects to the second paragraph on page 11 of the Report, where the Magistrate Judge sets forth the applicable standards in Rule 56 and Rule 12 of the Rules Governing § 2254 Cases. (*Id.* at 7.) After a thorough review of the legal standards set forth by the Magistrate Judge, the Court finds no error, and the Court finds no merit to Petitioner's objection regarding the legal standards set forth by the Magistrate Judge.

Petitioner next objects to the Magistrate Judge's view of the facts on page 12 of the Report, and he complains that he informed Officer Hunnicutt that he wanted an attorney but that such fact was omitted. The Court finds this objection unavailing; page 12 of the Report is simply a summary of the facts taken from the PCR court's 2018 order, and Petitioner's objection does not alter the analysis of the grounds raised by Petitioner.

The Petitioner also objects to the ineffective-assistance-of-counsel standard set forth

16

by the Magistrate Judge, asserting that the standard is in error. Here again, however, the Court finds that the Magistrate Judge set forth and applied the appropriate legal standards. Accordingly, the Court overrules this objection.

Next, Petitioner raises objections related to each of his grounds for relief; however, a review of pages 10 through 25 of Petitioner's objections indicates that large portions are simply copied from his prior response to Respondent's motion for summary judgment and do not specifically identify any portion of the Report. Nevertheless, in the interest of creating a complete record, the Court addresses Petitioner's arguments below.

As to the Magistrate Judge's analysis of ground one, Petitioner objects that there is a genuine issue of material fact as to whether counsel rendered ineffective assistance by failing to object to the trial court's implied malice instruction. Petitioner then asserts that the law supports his argument. After de novo review, the Court is not convinced by Petitioner and finds that the Magistrate Judge appropriately and correctly analyzed this claim. Furthermore, Petitioner's mere disagreement with the Magistrate Judge's analysis is not sufficient to alter the outcome. In other words, the Court agrees with the Magistrate Judge that the implied malice instruction in this case did not create a mandatory presumption and was not contrary to *Sandstrom*, *Yates*, or their progeny. *See*, *e.g.*, See *Gary v. Cartledge*, No. 8:14-2551-TMC, 2015 WL 5178173, at *22-23 (D.S.C. Sept. 4, 2015) (indicating a jury charge that "'[m]alice may be implied from the use of adeadly weapon, for instance . . .'" was a permissive inference and did "not necessarily implicatethe concerns of *Sandstrom*"). The Court also agrees with the Magistrate Judge that the PCR court's findings as to this claim do not run afoul of Supreme Court law. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) ("A lawyer does not perform deficiently by

17

failing to raise novel arguments that are unsupported by then-existing precedent.  Nor does counsel fall below *Strickland*'s standard of reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent.") (internal citations omitted).

Similar to ground one, Petitioner argues that there is a genuine issue of material fact as to ground two, which alleges that trial counsel was ineffective for failing to object to the introduction of character evidence.  Here again, Petitioner merely rehashes arguments from a previous filing.  Importantly, however, he does not point to any factual or legal error in the Magistrate Judge's analysis.  Furthermore, after de novo review, the Court agrees with the Magistrate Judge that Petitioner has not presented any meritorious arguments as to trial counsel's handling of Comer's testimony.    First, as the Magistrate Judge properly explained, the PCR court's factual findings are entitled to deference here.  (*See* ECF No. 15-4 at 206 (finding that Frady's testimony was "flatly contradicted by the record, and trial counsel did indeed cross-examine Comer as to his criminal record and the alleged conversation about LSD").)  Second, as to Petitioner's argument that counsel should have objected to Comer's testimony under Rule 404(b), Petitioner overlooks the fact that the rule goes on to state that otherwise improper character evidence may be admissible for other reasons, such as to show motive or intent.  Thus, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on ground two.

Petitioner next objects that there is a genuine issue of material fact as to ground three, which alleges that trial counsel rendered ineffective assistance by failing to object to the broken chain of custody and the admission of evidence seized in an illegal search. Here again, Petitioner merely rehashes previous arguments as to this ground.  After *de novo* review of the record, the Court finds no merit to Petitioner's objection.  Instead, the

18

Court fully agrees with the Magistrate Judge that Petitioner has failed to identify how the PCR court's findings as to the evidence related to the stolen van are either based on unreasonable factual findings or an unreasonable application of federal law. Although Petitioner asserts that the evidence was the product of an illegal search, there is no support in the record for this argument. Furthermore, Petitioner did not own the van. *Alderman v. United States*, 394 U.S. 165, 171–72 (1969) ("[S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence."). Additionally, Petitioner has not pointed to evidence or law to support his argument that the van-related evidence should have been excluded entirely due to the broken chain of custody. Here, the PCR court's factual findings are presumed to be correct, and the Court finds that the PCR court's order of dismissal shows that the PCR court appropriately applied the law.

As with his other grounds, Petitioner objects that there is a genuine issue of material fact regarding ground four, which alleges that counsel rendered ineffective assistance by withdrawing a motion to change venue. Again, Petitioner's arguments overlook the fact that the PCR court's findings on this issue were based, at least in part, on credibility determinations, and the Court agrees with the Magistrate Judge that the PCR court's credibility determinations are entitled to deference here because Petitioner has not offered any clear and convincing evidence to rebut the facts as found by the PCR court. (*See* ECF No. 15-4 at 204) ("[H]aving weighed the credibility of the testifying witnesses and having considered the admissions and explanations offered, this Court finds trial counsel rendered effective assistance of counsel and Applicant was not prejudiced by trial counsel's decision

19

to forego the motion at the conclusion of jury selection.  In addition, this Court determines

trial counsel credibly testified he felt the trial judge addressed all of the issues raised in the

motion through *voir dire*, and the jurors unequivocally testified as to their own impartiality.")

Ultimately, the Court finds no error in the Magistrate Judge's analysis of ground four and

agrees that Respondent is entitled to summary judgment on this ground, for the specific

reasons set forth in the Report.

As to ground five, Petitioner again repeats his prior arguments and asserts that the

South Carolina Supreme Court erred when it remanded only six issues for a new PCR

hearing, which resulted in a violation of his right to procedural due process.  Nowhere in

his objections does Petitioner respond to the Magistrate Judge's specific findings as to this

ground or otherwise explain how this claim is cognizable on federal habeas corpus review.

*See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("A state prisoner has no

federal constitutional right to post-conviction proceedings in state court. . . . Thus, even

where there is some error in state post-conviction proceedings, a petitioner is not entitled

to federal habeas relief because the assignment of error relating to those post-conviction

proceedings represents an attack on a proceeding collateral to detention and not to the

detention itself.").  After de novo review, the Court agrees with the Magistrate Judge and

overrules Petitioner's objection.

Finally, as to ground six–whether counsel was ineffective for withdrawing a motion

to suppress–Petitioner again rehashes his prior arguments in his objections, but he points

to no legal or factual errors in the Magistrate Judge's analysis.  After de novo review of the

record, the Court overrules Petitioner's objections.  As the Magistrate Judge properly

explained, this ground ultimately relies on the PCR court's determination that trial counsel's

20

testimony was credible.  The PCR court's determination is entitled to deference in the absence of clear and convincing evidence to rebut the determination, which the Court finds Petitioner has failed to demonstrate.  And although the state court relied on state law in finding that trial counsel was not deficient for withdrawing the motion to suppress, the Court agrees with the Magistrate Judge that federal law provides the same principles.  Ultimately, Petitioner has not offered a basis on which the search warrant could have been invalidated, and, for all the reasons set forth by the Magistrate Judge, the Court finds that Respondent is entitled to summary judgment on this ground.

## CONCLUSION

For the foregoing reasons, the Court hereby adopts the Magistrate Judge's Report (ECF No. 24) and specifically incorporates it herein; the Court overrules Petitioner's objections (ECF No. 36); and the Court grants Respondent's motion for summary judgment (ECF No. 16), thereby dismissing this case with prejudice.

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

January 25, 2024
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," and "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."  28 U.S.C. § 2253(c)(2) and (3).  A prisoner satisfies

the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.